## CIRCUIT COURT OF THE CITY OF RICHMOND

Tyrone Dennis Hamlette

v.

Virginia Department of Corrections

September 25, 1996

Case No. HB-1223

BY JUDGE T. J. MARKOW

The parties appeared, the petitioner in person and by counsel, and the defendant by counsel, for argument on July 15, 1996, and thereafter, memoranda were filed, all on the Amended Motion for Declaratory Judgment.

Petitioner asks this court to declare that the crimes of which he was convicted (eight counts of robbery and seven counts of use of a firearm in the commission of a felony) were a part of a common scheme so that he would become eligible for parole under Va. Code Ann. § 53.1-151(B)(1).

For several reasons, the motion for declaratory judgment must be dismissed.

First: The action is barred by res judicata. Petitioner previously raised the same issue in his petition for habeas corpus filed with the Supreme Court of Virginia and disposed of by order of May 13, 1988. See *Tyrone Dennis Hamlette v. Warden of the Va. State Penitentiary*, Record No. 871074. In his petition, Mr. Hamlette claimed "Virginia Code § 53.1-151 has been interpreted wrong because petitioner's charges were one transaction." The Supreme Court in its order stated that it found no merit to petitioner's complaints.

This issue has previously been raised and disposed of on the merits by a court of competent jurisdiction. Further litigation is barred.

Second: Declaratory Judgment is an inappropriate means of attacking decisions regarding parole eligibility. The appropriate remedy is the writ of habeas corpus.

The fact that petitioner may be barred from the use of that remedy because he has previously raised this issue in his first petition for writ of habeas corpus is no answer. Habeas corpus is the remedy provided him. It cannot be circumvented by filing the same pleading but calling it by another name.

The court does not address the common scheme argument.

It is, therefore, ordered that the Amended Motion for Declaration Judgment is dismissed.